SEROTA, ET AL. *v.* HOOVER, ET AL.

[No. 50, September Term, 1968.]

*Decided February 4, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Saul I. Serota,* in proper person, for himself.

Submitted on brief by *Stedman Prescott, Jr.,* for other appellants.

*Walter S. Furlow, Jr.,* with whom were *Lambert, Furlow & Sheehan* on the brief, for appellees.

PER CURIAM.

This case probably would have died a natural death from inattention had it not been activated when the Clerk of the Circuit Court for Montgomery County served an order to show cause why it should not be dismissed for want of prosecution.

Chapter 63 of the Montgomery County Code creates Section 5 of the Village of Chevy Chase a special tax area or district. Section 63-2 provides in pertinent part:

> "[T]he * * * county council shall * * * order and have paid over * * * the proportion of the county road tax to be levied and collected in the same manner as though said part of said Village of Chevy Chase were an incorporated town * * * of said county; and said proportion of the county road tax received by the treasurer of Section 5, Chevy Chase, shall be used by said Chevy Chase citizens' committee exclusively for maintaining and repairing the county roads, streets and lanes that may have been dedicated to the public or to Montgomery County, and whether accepted by said county or not; all other funds to be used by the said citizens' committee directly, or through said committee, exclusively, for opening, maintaining, repairing and lighting the streets, roads and alleys; for building, maintaining and repairing sidewalks; * * *."

In 1960 the Citizens' Committee advertised its intention of taking bids for construction of a macadam curb and sidewalk on Brookville Road. Brookville Road is a state road and construction was to be solely within the state right-of-way. A permit was obtained from the Maryland State Roads Commission therefor. After bids were obtained the Citizens' Committee later negotiated a contract with the low bidder for a concrete sidewalk and curb, the cost of which was to be in excess of $500.00. Section 63-5 of the Montgomery County Code forbids the Citizens' Committee from spending more than $500.00[1] "with-

---

1. Apparently unchanged since 1922!

out having first advertised the specifications therefor and invited bids for the same."

Appellants are taxpayers residing within Section 5 of the Village of Chevy Chase. They brought suit in 1960 to restrain appellees (Citizens' Committee) from constructing the sidewalk. They alleged that the authority of the Citizens' Committee to construct sidewalks was limited to county roads and Section 5 property *abutting* state highways and that there was no authority to construct within the state right-of-way. They further alleged violation of the requirement that there be bids where the cost was to be in excess of $500.00. Each side moved for summary judgment and the matter there rested until the show cause order above mentioned in April of 1967. The trial court partially granted and partially denied both motions for summary judgment.

At oral argument appellees conceded that if the judgment were affirmed there would be readvertisement under Section 63-5 prior to construction of the sidewalk.

Judge Pugh in the Circuit Court for Montgomery County said:

> "* * * The Court is of the opinion that the Treasurer of Section 5, Chevy Chase, and the individual members of the Citizens' Committee of said Section, acting for and on behalf of said Committee, are not authorized to construct a sidewalk within the confines of Brookville Road from that portion of the *County road tax* which said Treasurer *receives from the County Council for Montgomery County,* but that the defendants are authorized to expend from *other funds received by said* Citizens' Committee to build, maintain and repair sidewalks anywhere within the confines of the said Section 5 as described by Section 63-1 aforesaid, including that portion of Brookville Road within said Section." (emphasis in original.)

We agree with Judge Pugh, and, therefore, affirm the judgment of the Circuit Court.

*Judgment affirmed, appellants and appellees each to pay one-half the costs.*